UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDDIE TARAFA, *pro se*,

             Plaintiff,

          -against-

B.O.P. MDC BROOKLYN, et al.,

            Defendants.
------------------------------------------------------------x

**SUMMARY ORDER**

07-CV-00554 (DLI) (LB)

**DORA L. IRIZARRY, United States District Judge:**

Before the court are two questions: (1) whether *pro se* plaintiff Eddie Tarafa gave up his right to continue this action in an oral settlement agreement allegedly entered into before this court, and, if not, (2) whether this court must dismiss the plaintiff's claim brought under the Federal Tort Claims Act ("FTCA") as premature for failure to administratively exhaust the claim.

For the reasons set forth below, this court holds that Tarafa did not give up his right to continue this action because his agreement to do so was not "clear, explicit, and unqualified." However, the court dismisses Tarafa's FTCA claim, without prejudice to refile, for failure to exhaust. Tarafa's *Bivens* claim is not subject to an exhaustion requirement and, accordingly, survives.

**I.    Background**

*Pro se* plaintiff Eddie Tarafa ("Tarafa"), presently detained at the federal Metropolitan Detention Center in Brooklyn ("MDC"), filed this action against MDC prison and medical staff, seeking an order from this court requiring the defendants to provide an allegedly necessary hernia surgery and awarding Tarafa monetary damages for pain, suffering, and aggravation of the injury

1

resulting from the delay in providing the surgery. Tarafa brings his claim under 42 U.S.C. § 1983, but, as Tarafa is a *pro se* plaintiff, this court liberally construes his claim as brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the FTCA, 28 U.S.C. §§ 2671-2680 (2007).

On May 23, 2007, Tarafa submitted a motion for an order to show cause for a preliminary injunction requiring surgical intervention for his hernia. On June 7, 2007, Tarafa filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 (the "2241 petition"), seeking the same relief as in the instant case. *See Tarafa v. Laird*, 07-CV-2364 (DLI) (LB).

United States Magistrate Judge Lois Bloom held a telephone conference with the parties on June 12, 2007. Judge Bloom informed the parties that this court would consider Tarafa's motion for injunctive relief at a hearing scheduled for June 18, 2007. The magistrate judge directed the defendants to file their opposition papers to Tarafa's request by June 15. The judge further ordered the individual defendants, who had not yet answered Tarafa's complaint, to either answer the complaint or show cause by June 18 why a default judgment should not be entered against them.

The individual defendants filed their answer to Tarafa's complaint on June 13, 2007, and, on June 15, defense counsel further submitted to the court a letter in opposition to Tarafa's motion for an order to show cause. In its June 15 letter, defense counsel advised the court that a date for the hernia surgery had been scheduled, but withheld the date of the surgery due to alleged security concerns, and requested an adjournment of the upcoming June 18 hearing. The court posted an order via ECF on June 15, denying the request for an adjournment and directing defense counsel to fax to the court the time, date, and location that the surgery would be performed. After the start of the June 18 telephonic hearing, defense counsel faxed the requested information to the court, *ex parte* and

under seal due to security concerns.

At the June 18 telephonic hearing, the court stated that it was satisfied that the surgery would take place soon. The following interchange then occurred:

> THE COURT: Mr. Tarafa, I am going to–let me ask you this, Mr. Tarafa, if the surgery–the basis of the complaint that you filed in this case was basically to get them to give you the surgery, correct?
>
> MR. TARAFA: That's correct.
>
> THE COURT: And then you also filed just this month a petition for a writ of habeas corpus also based on the same issue, correct?
>
> MR. TARAFA: That's correct.
>
> [DEFENSE COUNSEL] MR. CLEARY: Your Honor, he withdrew that.
>
> THE COURT: Mr. Cleary, my understanding in speaking to Judge Bloom about this is that Mr. Tarafa agreed to withdraw that if the surgery were performed. So, Mr. Tarafa, what I'm going to suggest at this point is this, once the surgery is performed, then I'm going to direct Mr. Cleary to draft a stipulation of discontinuance which would cover this docket as well as the petition for the writ of habeas corpus which has been filed under docket 07-CV-2364 and I just want to make sure that it is filed after the surgery has been performed.
>
> MR. CLEARY: Yes, Judge.
>
> THE COURT: Okay. Is that okay with you, Mr. Tarafa?
>
> MR. TARAFA: Yes, ma'am.
>
> THE COURT: Okay. And that discontinuance or dismissal will be without cost to either party.

Tarafa underwent surgery on June 26, 2007. Following his surgery, on July 11, Judge Bloom held a telephone conference with the parties. At the conference, Tarafa stated that he had not agreed to completely withdraw both the instant action and the related 2241 petition at the June 18 telephonic hearing before this court. He understood that he had agreed to withdraw just the 2241 petition and

3

that "part of the complaint that I was getting the surgery." Defense counsel disagreed, arguing that Tarafa had agreed to drop both cases entirely if he received the surgery.

In addition, an issue arose at the July 11 conference concerning whether Tarafa's FTCA claim must be dismissed as premature under *McNeil v. U.S.*, 508 U.S. 106 (1993). Judge Bloom set a schedule for the parties to brief both of these issues to this court, suggesting, however, that this court may view the motion practice as unnecessary.

This court does view motion practice as unnecessary, and the court thus issues the instant order without receiving argument from the parties.

## II. Enforcement of Oral Settlements

The first issue is whether Tarafa's apparent agreement at the June 18, 2007 telephonic conference to withdraw the instant action is enforceable. This court holds that it is not.

A settlement agreement between parties "is a contract that is interpreted according to general principles of contract law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). In order for a contract to be enforceable, there must be a "meeting of the minds, demonstrating the parties' mutual assent and mutual intent to be bound." *N.F.L. Ins. Ltd. v. B&B Holdings, Inc.*, 874 F. Supp. 606, 611 (S.D.N.Y. 1995). With respect to an oral agreement to dismiss an action, "a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (citations omitted).

A review of the transcript of the June 18 proceeding before this court reveals that Tarafa's agreement to dismiss both cases was anything but "clear, explicit, and unqualified." *See Role*, 402 F.3d at 318. Tarafa is not represented by counsel, and this court must therefore look closely at

whether Tarafa comprehended what he was giving up–in other words, whether there was mutual assent. Based on the colloquy that occurred at the June 18 telephonic conference, as quoted above, this court does not feel that it is clear what exactly Tarafa understood he was agreeing to. It is furthermore not clear that he understood what the court meant by "stipulation of discontinuance" or what the court was referring to when it stated that the stipulation of discontinuance would cover "this docket," in addition to the 2241 petition. What is clear is that Tarafa was anxious to receive his long-awaited hernia surgery and, at the time of the conference, was likely suffering from pain and anxiety associated with his hernia problem.

This combination of circumstances–the lack of clarity in the record concerning what Tarafa was assenting to, his anxiousness to receive the surgery, the pain he was likely suffering from, and his *pro se* status–make clear to this court that it cannot bind Tarafa to his apparent agreement to withdraw the instant action. It is evident to the court that there was no meeting of the minds regarding this issue. In any event, the record simply does not reflect that Tarafa's purported agreement was "clear, explicit, and unqualified." Accordingly, this court holds that Mr. Tarafa did not give up his right to continue pursuing his *Bivens* and FTCA claims in the instant action.

### III. Dismissal of the FTCA Claim

Having decided that Tarafa may continue in this action, the court now turns to whether it must dismiss a portion of Tarafa's complaint–namely, Tarafa's FTCA claim–under the Supreme Court's decision in *McNeil*, 508 U.S. 106. This court holds that *McNeil* requires it to dismiss the FTCA claim as prematurely filed, but the court does so without prejudice to refile.

Under the FTCA, a claim against the United States for money damages cannot be instituted unless the claimant has first exhausted all administrative remedies. 28 U.S.C. § 2675(a); *McNeil*,

5

508 U.S. at 107. "The requirement that administrative claims be filed and denied by the appropriate federal agency is jurisdictional and cannot be waived." *Mosseri v. FDIC*, No. 96-6152, 1996 U.S. App. LEXIS 33504, at * 5 (2d Cir. 1996) (citation omitted). *McNeil* makes clear that suits may not be entertained in this court under the FTCA until and unless claimants have exhausted their administrative remedies. 508 U.S. at 113. Accordingly, unexhausted FTCA claims prematurely brought before the court must be dismissed, though such dismissal is without prejudice to refile once the claims have been fully exhausted.

When Tarafa originally instituted this action, he had not exhausted his FTCA claim. However, Tarafa's FTCA claim has since been exhausted.[1] Notwithstanding, although it is this court's view that dismissing Tarafa's FTCA claim and requiring him to refile is "the ultimate exercise of form over substance," *see 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F. Supp. 410, 416 (E.D.N.Y. 1994), this court must dismiss Tarafa's FTCA claim under the Supreme Court's dictates in *McNeil*. *See* 508 U.S. at 112-3 (requiring strict "adherence to the straightforward statutory command").

Therefore, Tarafa's FTCA claim is dismissed without prejudice to refile now that the claim is appropriately exhausted.

---

[1] Title 28 U. S. C. § 2675(a) states, in pertinent part, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." It is not clear to this court whether Tarafa's FTCA claim has been denied administratively. Nonetheless, more than six months have passed since Tarafa submitted his claim, and, therefore, in any event, Tarafa's claim can be deemed exhausted.

**IV. Conclusion**

For all of the foregoing reasons, this court holds that Tarafa did not give up his right to continue this action. However, the court dismisses Tarafa's FTCA claim without prejudice to refile within thirty (30) days of the date of this order. Tarafa's *Bivens* claim survives.

Service of this order shall be made by the Clerk of the Court by mailing a copy to *pro se* plaintiff by certified mail with a return receipt. Service on defendant via ECF shall suffice.

SO ORDERED.

DATED: Brooklyn, New York
July 23, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge